NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA,
*Appellee*,

*v.*

DAVID WAYNE WILLIS,
*Appellant.*

No. 1 CA-CR 14-0041
FILED 3-5-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-150676-001
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

**O R O Z C O**, Judge:

**¶1** David Wayne Willis appeals his convictions and sentences for two counts of forgery. Specifically, Willis appeals the trial court's denial of his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** On December 2, 2011, the Victim purchased two money orders, placed them in an envelope and deposited them in her apartment complex's main office drop box to pay her rent. Three days later, she received an eviction notice for nonpayment. After the apartment managers informed the Victim that they did not receive the money orders, the Victim called MoneyGram to discuss what had happened to them.

**¶3** The money orders had been altered, were paid to the order of David Willis and David W. Willis, and were cashed. Willis admitted to cashing the money orders, but claimed he did not know they had been forged or stolen. Willis testified that the money orders belonged to his friends, Alice and Gerald, who asked him to cash them because they lost their identification in an apartment fire. He further claimed that he gave the funds to Alice after cashing the money orders and did not keep any of the money.

**¶4** Willis was charged with two counts of forgery, each a class 4 felony. During voir dire, Willis made a *Batson* challenge after the State struck five minority jurors. Willis argued that the State struck all Hispanic male jurors. The trial court found that the State provided race-neutral reasons for striking the jurors at issue and that Willis did not meet his burden of proving the State acted with purposeful discrimination.

**¶5** Willis was convicted of both forgery counts. The trial court found Willis had prior felony convictions and sentenced Willis to concurrent terms of 2.25 years' imprisonment as to each count. Willis timely appealed and we have jurisdiction pursuant to Article 6, Section 9,

of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2015).[1]

## DISCUSSION

**¶6**        "When reviewing a trial court's ruling on a *Batson* challenge, we defer to its factual findings unless clearly erroneous, but we review its legal determinations de novo." *State v. Gay*, 214 Ariz. 214, 220, ¶ 16, 150 P.3d 787, 793 (App. 2007). We will affirm a trial court's denial of a *Batson* challenge unless clearly erroneous. *State v. Newell*, 212 Ariz. 389, 400, ¶ 52, 132 P.3d 833, 844 (2006).

**¶7**        The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids the State from striking potential jurors "solely on account of their race." *Batson*, 476 U.S. at 89.

> A *Batson* challenge proceeds in three steps: (1) the party challenging the strikes must make a prima facie showing of discrimination; (2) the striking party must provide a race-neutral reason for the strike; and (3) if a race-neutral explanation is provided, the trial court must determine whether the challenger has carried its burden of proving purposeful racial discrimination.

*State v. Roque*, 213 Ariz. 193, 203, ¶ 13, 141 P.3d 368, 378 (2006) (citations and quotations omitted).

**¶8**        The State struck jurors one, six, nineteen, twenty-two, and thirty-three. Willis noted that juror one was "clearly an Asian male and clearly the only Asian male on the panel," jurors six, nineteen, and twenty-two were Hispanic males, and juror thirty-three had a "Hispanic sounding surname." The trial court found that Willis made a prima facie showing of discriminatory purpose.

**¶9**        The State explained that it struck juror one because he was "non-responsive," "short throughout his initial responses" and "seemed reluctant to participate." It struck juror number six because his child's mother "had been convicted of fraudulent schemes and narcotics charges," he had been assaulted as a juvenile with no arrest being made, and further expressed a bias against police. The State struck juror nineteen because he

---

[1]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

had "associates," or friends who were currently being prosecuted. Juror twenty-two was also struck for his "curtness," body language and being non-responsive. Juror number thirty-three was struck by the State because she had "bank experience that would reflect upon her deliberations," had previously served on juries, indicated she would be interviewing for a scholarship the following day and the State's perceived reluctance by her to serve on the jury.

¶10        The striking party's explanation "need not be persuasive or plausible;" the explanation is deemed race neutral if there is no discriminatory intent. *State v. Henry*, 191 Ariz. 283, 286, 955 P.2d 39, 42 (App. 1997). Unless the striking party's explanation reveals an inherent discriminatory intent, "the reason offered will be deemed race-neutral." *Felder v. Physiotherapy Assocs.*, 215 Ariz 154, 168, ¶ 74, 158 P.3d 877, 891 (App. 2007) (internal citation and quotation omitted).

¶11        The trial court found the State provided race-neutral explanations for each of its preemptory strikes, and we find no evidence of discriminatory intent. The State appropriately struck jurors one and twenty-two as being non-responsive. *See State v. Hernandez*, 170 Ariz. 301, 305, 823 P.2d 1309, 1313 (App. 1991) ("It is permissible to rely on a prospective juror's mode of answering questions as a basis for preemptory selections.") Moreover, potential jurors who have family and friends with "signifigant criminal involvement" may be struck *See State v. Reyes*, 163 Ariz. 488, 490, 788 P.2d 1239, 1241 (App. 1989). Thus, Willis has not shown that the State acted with a discrimatory purpose by striking jurors six and nineteen. Lastly, the State's explaination for striking juror thirty-three because she had prior banking experience and had previously served on a jury was race neutral. *See State v. Castillo*, 156 Ariz. 323, 325, 751 P.2d 983, 985 (App. 1987) (affirming a preemptory strike based on previous jury experience).

¶12        The trial court properly requested the State explain its preemptory strikes. Moreover, the trial court was in the best position to evaluate whether a discriminatory intent existed.

> [T]he trial court must evaluate not only whether the prosecutor's demeanor belies a discriminatory intent, but also whether the juror's demeanor can credibly be said to have exhibited the basis for the strike attributed to the juror by the prosecutor. We have recognized that these determinations of credibility and demeanor lie peculiarly within a trial judge's

province. . . in the absence of exceptional circumstances, we [defer] to the trial court.

*Snyder v. Louisiana*, 552 U.S. 472, 477 (2008) (citiations omitted). Finding the trial court's ruling on Willis's *Batson* challenge was not clearly erroneous, we affirm.

**CONCLUSION**

**¶13** For the foregoing reasons, Willis's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED : ama